UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDDIE POWELL, JR.,

    Plaintiff,

v.                          Case No. 4:19cv326-MW-HTC

JULIE JONES, et al.,

    Defendants.
_____/

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983, and his motion for judicial notice. ECF Docs. 17 and 18. For the reasons stated below, the Court will grant in part and deny in part Plaintiff's motion for judicial notice. Additionally, the undersigned respectfully recommends that this action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to disclose his complete litigation history.

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC"), currently incarcerated at Suwanee Correctional Institution, initiated this action, *pro se,* in July 2019 by filing a complaint seeking relief under 42 U.S.C. § 1983. ECF Doc. 1. The Court granted Plaintiff *in forma pauperis* status. ECF Doc. 5. Additionally, the Court screened the complaint and determined that it was deficient.

ECF Doc. 10. Thus, the Court issued an Order identifying the deficiencies and giving Plaintiff an opportunity to file an amended complaint. *Id.* After several extensions of time, Plaintiff filed his amended complaint on May 21, 2020. ECF Doc. 17.

In the amended complaint, Plaintiff sues six (6) defendants: Julie Jones, Secretary of the FDOC; B. Edouard, Chief Health Officer for the FDOC; J. Burgos-Polo, DMD/Dental Assistant for the FDOC; J. Demarco, DMD/Dental Assistant for the FDOC; Corizon, LLC; and Centurion of Fla. ECF Doc. 17. Plaintiff alleges that, after suffering an injury to his upper teeth, Defendants delayed and denied proper dental care, which resulted in injuries and continuing pain.

At the end of his amended complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct," and included a certification under Rule 11. ECF Doc. 17 at 18, 19. Despite that declaration, however, Plaintiff failed to disclose three (3) cases he previously filed, which were each dismissed.

Section VIII of the complaint form, titled "PRIOR LITIGATION" asks: "C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" *Id.* at 17. The form requires Plaintiff to identify and describe any cases responsive to this question. Plaintiff marked "Yes" and disclosed one (1) previous case, case number 4:19-cv-558. Thus, Plaintiff swore that, at the time he filed his amended complaint on May

21, 2020, he had filed only one (1) prior federal case challenging his conviction or otherwise relating to the conditions of his confinement. Plaintiff's representation to the Court, however, was not truthful or accurate.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete its complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff filed his complaint, he had filed under his name and FDOC Registration Number, 777329, the following undisclosed action:

> *Powell v. State of Florida*, 5:16-cv-623 (M.D. Fla.) (§ 1983 action dismissed for failure to follow a court order directing Plaintiff to file his complaint on the proper court form and either pay the full filing fee or file a motion to proceed *in forma pauperis*)

Additionally, Plaintiff previously filed the following undisclosed actions under his name and birthdate[1]:

> *Powell v. Cook, et al.*, 9:04-cv-80691 (S.D. Fla.) (§ 1983 action dismissed for failure to prosecute)
>
> *Powell v. Palm Beach Cnty. Jail*, 9:04-cv-80613 (S.D. Fla.) (§ 1983 action dismissed for failure to prosecute)

---

[1] Plaintiff's birthdate is listed as January 5, 1973 on the FDOC's website. http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=777329&TypeSearch=AI. Plaintiff lists the same birthdate in his motion to proceed *in forma pauperis* (ECF Doc. 2) in *Cook* and his complaint (ECF Doc. 1) in *Palm Beach Cnty. Jail*.

Case No. 4:19cv326-MW-HTC

Plaintiff did not disclose any of these federal actions, despite the complaint form's clear instructions. Additionally, giving the Plaintiff the benefit of the doubt, the Court also reviewed the Plaintiff's initial complaint to see if these cases had been disclosed there and just inadvertently left off the amended complaint, but they were not.

Subsequent to filing his amended complaint, Plaintiff filed a motion for judicial notice. ECF Doc. 18. In Plaintiff's motion, he claims he does not wish to violate 28 U.S.C. §§ 1915A and 1915(e)(2), and, thus, discloses that he filed a motion to voluntarily dismiss case numbers 4:19-cv-558 and 3:19-cv-1308. ECF Doc. 18 at 1. Those cases, however, are one and the same, as case number 3:19-cv-1308 was filed in the Middle District of Florida, and then transferred to the Northern District, where it was assigned case number 4:19-cv-558. *Powell v. Oliver,* 4:19-cv-558-MW-CAS, at ECF Doc. 1. To the extent Plaintiff wishes for the Court to take judicial notice of that prior case, the Court will do so.

Additionally, Plaintiff alleges in the motion that he suffers from a mental illness and sometimes cannot "comprehend what is being asked of [him]," but he has never had "bad intentions[,] only good intentions." ECF Doc. 18 at 1-2. To the extent Plaintiff seeks for the Court to take judicial notice of Plaintiff's mental status, the Court will not do so, as that is not a proper matter for judicial notice. Under Rule 201 of the Federal Rules of Evidence, a court "may judicially notice a fact that is not

Case No. 4:19cv326-MW-HTC

subject to reasonable dispute." Fed. R. Evid. 201. Plaintiff's mental status is a fact subject to dispute.

To the extent Plaintiff seeks to be excused from his failure to disclose his litigation history because of his mental status, the Court also declines to do so. It appears to the Court that, despite Plaintiff's representation regarding his ability to understand, Plaintiff does, indeed, understand he needs to disclose his litigation history, but was simply selective in what he disclosed. Specifically, the Court notes that the one (1) case Plaintiff disclosed in the amended complaint, case number 3:13-cv-904, was a case that was filed in the Middle District and was settled. Similarly, the other case he discloses in his motion for judicial notice, case number 4:19-cv-558, is one he voluntarily dismissed (after it was transferred to the Northern District). Yet, the three (3) cases Plaintiff wholly fails to disclose are ones that were dismissed by the Court, including one that qualifies as a strike under 28 U.S.C. § 1915(g). The Court also questions Plaintiff's representation because he is no stranger to the court system. As stated above, he has filed at least four (4) cases on his own behalf.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "***Failure to disclose all prior cases may result in the dismissal of this case***." ECF Doc. 17 at 18 (emphasis in original). If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for him to attempt to evade or undermine the purpose of the complaint form. The Court, therefore, should not allow Plaintiff's false response to go unpunished.

As one district judge in this District recently stated in dismissing an action for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *See Rodriguez v. Inch*, 4:19-cv-191-RH. The purpose of the form would also be circumvented if a plaintiff were allowed to circumvent the form's requirements by simply contending, after the fact, that he does not understand the form.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where the prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C.

Case No. 4:19cv326-MW-HTC

§ 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case). Because this is a dismissal without prejudice, Plaintiff will not be prejudiced from filing a new action based on these same claims.[2]

Accordingly, it is ORDERED that:

1. The motion to take judicial notice (ECF Doc. 18) is GRANTED to the extent that the Court acknowledges Plaintiff disclosed case number 4:19-cv-558, but it is DENIED to the extent Plaintiff seeks judicial notice of his mental conditions or intent.

It is also respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2).

2. The clerk be directed to close the file.

DONE AND ORDERED this 26th day of June, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] To be clear, however, the Court has not reviewed Plaintiff's amended complaint to determine whether it is sufficient to be served and the Court's comment above should not be interpreted as a determination by the Court that Plaintiff has stated a cause of action against the Defendants or that there may not be some other procedural bar to Plaintiff re-filing a new action.

Case No. 4:19cv326-MW-HTC

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.